18-3001-cr
*United States v. Connelly*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty.

PRESENT:    JOHN M. WALKER,
                JOSÉ A. CABRANES,
                ROBERT D. SACK,
                      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*                        18-3001-cr

          v.

GEORGE J. CONNELLY, JR.,

          *Defendant-Appellant,*

PAUL WILLIAM MUZYKA, WILLIAM REIDELL,

          *Defendants.*

---

**FOR APPELLEE:**                    John T. Pierpont, Jr. (Marc H. Silverman, *on the brief*), Assistant United States Attorneys, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

1

**FOR DEFENDANT-APPELLANT:**    Bobbi C. Sternheim, Law Offices of
Bobbi C. Sternheim, New York, NY.

Appeal from an October 5, 2018 judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-Appellant George J. Connelly, Jr. ("Connelly") was found guilty, after a jury trial, of one count of conspiracy to transport stolen property, in violation of 18 U.S.C. § 371, and two counts of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. In addition to a prison sentence, the District Court ordered that Connelly pay $8,385 in restitution and forfeit his proceeds from the sale of stolen property, which included an interest of up to $200,000 in his family home.

Connelly raises two challenges on appeal, both of which focus on the restitution and forfeiture orders. First, he argues that he was denied effective assistance of counsel under the Sixth Amendment during that portion of the sentencing hearing in which restitution and forfeiture were considered. Second, he argues that the District Court abused its discretion in failing to order, *sua sponte*, that proceedings be temporarily adjourned when it allegedly became apparent that defense counsel was unprepared to effectively advocate for Connelly.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We note that although "direct appellate review is not foreclosed" we are "generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467-68 (2d Cir. 2004). This "baseline aversion to resolving ineffectiveness claims on direct review" results from our preference to have a District Court fully develop the record on the claim of alleged ineffective assistance before we make a ruling. *United States v. Salameh*, 152 F.3d 88, 161 (2d Cir. 1998). It is for this reason that "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Accordingly, we decline to hear Connelly's claim for ineffective assistance at this point, but note that he is permitted to bring an ineffective assistance of counsel claim in a future § 2255 petition.

For the same reason, we decline to consider whether the District Court abused its discretion in failing to exercise its supervisory powers to adjourn proceedings so that defense counsel could have more time to prepare. Presumably, a District Court can only abuse its discretion in exercising its supervisory powers if, in doing so, it knowingly permitted ineffective assistance of counsel to go

2

forward. Here, however, we do not reach the question of whether there was ineffective assistance of counsel, so we do not reach the question of whether the District Court erred in any way by not halting proceedings.

## CONCLUSION

We have reviewed all of the arguments raised by Connelly on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk